Dear Mr. Nelson:
You ask whether an individual who holds a "full-time, non-classified" position of "employment" with the Housing Authority of New Roads may hold the elected office of police juror.
At the outset, we note that there are a number of positions which may be held with the housing authority. For example, an individual who holds the position of executive director does not hold "employment" for purposes of the dual officeholding law; rather, he holds an "appointive office", as discussed below.
Other individuals do hold positions of "employment" as defined by the dual officeholding law. Those individuals who are excluded from the definition of "employment" are those professional employees employed on a contract basis.
Identifying the correct nature of the position is essential for purposes of applying the provisions of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq. R.S. 42:63(D) provides that one is prohibited from holding concurrently the local elective office of police juror and a full-time appointive office in any political subdivision. While one is also prohibited from holding employment in the same political subdivision in which he holds elective office, R.S. 42:63(D) does not prohibit one from holding local elective office and employment in separate political subdivisions of the state. R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or fulltime appointive office
in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective *Page 2 office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
For purposes of dual-officeholding, an "appointive office" is defined by R.S. 42:62(2), as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
The position of Executive Director of the housing authority constitutes an "appointive office" for the purposes of dual-officeholding. The position is "specifically established . . . by the laws of this state" and is "filled by appointment . . . by a governmental body" pursuant to R.S. 40:539(C)(1), which provides:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
We attach for your review Attorney General Opinions 06-0019, 99-357, 95-178, 96-176, and 96-149, all of which conclude that the executive director of a housing authority holds an appointive office.
Because of the prohibition contained in R.S. 42:63(D), a police juror is prohibited from holding the full-time appointed position of executive director of the housing authority.
As mentioned, R.S. 42:63(D) would prohibit a police juror from being employed by the parish, as the language of the statute prohibits one from holding employment in the same political subdivision in which he holds elective office. R.S. 42:63(D) does not prohibit one from holding local elective office and employment in separate political subdivisions of the state. R.S. 42:62 sets forth the following pertinent definitions: *Page 3 
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 ***** (9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
A housing authority is a political subdivision of the state. R.S.40:384(16) states:
 (16) "Local housing authority" or "authority" means a public body, corporate and politic, previously established, or to be established, by a municipality or a parish pursuant to the authority provided in this Chapter, exercising necessary and essential governmental functions for the purposes stated in this Chapter in matters of statewide concern, although its operations are local in nature. It is a political subdivision of this state, independent from the municipality or parish which established or establishes it or which may appoint some or all of its commissioners. Any reference in this Chapter to a local housing authority shall also be deemed to include a "housing authority" or a "regional or consolidated housing authority" unless the context clearly otherwise requires. "Local housing authority" also includes any housing authority established under prior law." (Emphasis added).
Thus, because the parish and the housing authority constitute separate political subdivisions of the state, the general dual-officeholding provisions do not prohibit a police juror from holding employment with the housing authority.
However, R.S. 40:539(8) is applicable to authority employees and states:
 (8) Except as provided in the Constitution of Louisiana and as may otherwise be authorized by the State Civil Service Commission, all employees of the authority, except authority members, the executive director, and one other employee whom the authority shall designate and employ, and except professional employees employed on a contract basis, shall be in the classified state civil service. (Emphasis added). *Page 4 
 An employee of the authority "shall be in the classified state civil service". Because authority employees are civil service employees, state civil service rules and regulations should be reviewed to ensure that the simultaneous holding of the positions discussed is not prohibited. For further clarification regarding this issue, please contact Mr. Robert Boland, General Counsel, Louisiana Department of State Civil Service, P.O. Box 94111, Capitol Station, Baton Rouge, LA 70804-9111, phone 225-342-8272.
 Note that R.S. 40:539(8) specifically excludes the position of executive director from the classified state civil service. Further, there is "one other employee whom the authority shall designate and employ" who is also excluded from the classified state civil service. The individual holding this position would not be prohibited by either the dual officeholding law nor by state civil service law from holding the position of elected police juror.
 Those professional employees employed on a contract basis do not fall within the category of persons subject to the dual officeholding law. An independent contractor does not hold public employment as defined by law. "An independent contractor, as opposed to a servant (employee), usually contracts to do a specific amount of work according to his own methods. . . . " See Attorney General Opinion 80-413, copy attached.
 To conclude, the executive director of the New Roads housing authority holds full-time appointive office and is prohibited by dual-officeholding laws from holding the elected office of police juror. Neither "professional employees employed on a contract basis" nor the "designated employee" of R.S. 40:539(8) are prohibited by dual-officeholding laws from holding the elected office of police juror. Finally, employees of the housing authority who are civil service employees are subject to civil service rules and regulations regarding political activity.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
BY:_________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
 ATTACHMENT February 1, 2006 OPINION 06-0019
78 Dual Officeholding
R.S. 42:61, et seq.; R.S. 42:63(D); R.S. 40:539(C)(1); R.S. 42:62(4)(5)
An elected parish councilman may not simultaneously hold full-time appointive office.
Mr. Garyland Wallis
Assistant Parish Attorney
Terrebonne Parish Consolidated Government
312 Bond Street, Suite "A"
Houma, LA 70360
Dear Mr. Wallis:
 You presented the following legal question for our review: May a Terrebonne Parish Councilman also serve as Executive Director of the Houma-Terrebonne Housing Authority?
The provisions of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., govern our response. R.S. 42:63(D) is applicable and states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . . (Emphasis added).
Thus, one is prohibited from holding concurrently the local elected office of parish councilman and a full-time appointive office in any political subdivision.
For purposes of dual-officeholding, an "appointive office" is defined by R.S. 42:62(2), as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed *Page 2 
public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
We are of the opinion that the position of Executive Director of the housing authority constitutes an "appointive office" for the purposes of dual-officeholding. The position is "specifically established . . . by the laws of this state" and is "filled by appointment . . . by a governmental body" pursuant to R.S. 40:539(C)(1), which provides:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
We attach for your review Attorney General Opinions 99-357, 95-178, 96-176, and 96-149, all of which conclude that the executive director of a housing authority holds an appointive office.
Because of the prohibition contained in R.S. 42:63(D), a councilman is prohibited from holding the full-time appointed position of executive director of the housing authority.
Further, Councilman Wayne Thibodeaux received a similar response in Attorney General Opinion 02-0142. This opinion is attached for your further review. Please note that in Opinion 02-0142, this office recalled Opinion 96-334, which you reference in your correspondence.
Finally, note that the law does not prohibit one from holding local elective office and part-time appointive office. "Full-time" and "part-time" are defined by R.S. 42:62(4) and (5) as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
Thus, if the position of executive director is held on a part-time basis, the councilman may retain his elective office. If in fact the position is held on a full-time basis, Mr. Thibodeaux must decide whether to relinquish his elected office or his position with the housing authority. The question of whether he may contract with the authority once he resigns from his council position is made moot by his resignation. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY:______________
KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
 ATTACHMENT February 1, 2006 OPINION 99-357
An elected City Councilman may also hold the part-time appointed position as a director of the Ville Platte Housing Authority.
Mr. Bennett Baquet, Mayor
City of Ville Platte
Post Office Box 390
Ville Platte, Louisiana 70586
Dear Mayor Baquet:
This office is in receipt of your opinion request in which you ask if a member of the Ville Platte City Counsel may be appointed as Director of the Ville Platte Housing Authority? You note that the city makes no monetary contributions and has no oversight of the housing authority. The Mayor however, appoints the five member board.
Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment law stating:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. LSA-R.S. 42:63 (D)
The office of City Councilman is a local elective office. The appointment to the Housing Authority is a part-time appointive office. The Dual Officeholding statute quoted above prohibits one holding an elective office in a political subdivision of this state while holding a full-time appointive office in the government of a political subdivision. As an appointment to the Ville Platte Housing Authority is not a full-time appointive office, the prohibition is not applicable. Thus, it is permissible for an individual to hold the part-time appointive office of Commissioner of the Ville Platte Housing Authority and hold the elected office of City Councilman for the City of Ville Platte. Note that this opinion is in *Page 2 
concurrence with Attorney General Opinions 98-149 and 94-364 which have been attached for your convenience.
We hope the foregoing has sufficiently addressed your concerns. If our office can be of further service, please do not hesitate to contact us at your convenience.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
By:_______________
J. RICHARD WILLIAMS
 Assistant Attorney General *Page 1 
 ATTACHMENT February 24, 1999 OPINION 98-149
78 DUAL OFFICEHOLDING
LSA-R.S. 40:531(A); R.S. 42:62(4) and (5); R.S. 40:530 Elected city councilman may also hold part-time appointed position as commissioner of parish housing authority.
RICHARD P. IEYOUB, Attorney General
Ms. Donna Taylor
St. Landry Parish Housing Authority
Post Office Box 276
Washington, LA 70589
Dear Ms. Taylor:
You inquire whether the law permits an individual to simultaneously hold the position of St. Landry Parish Housing Authority Commissioner and the position of city councilman. Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment Law, stating:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. See LSA-R.S. 42:63(D); (Emphasis added).
Commissioners are appointed by the parish governing authority and serve on a part-time basis. See LSA-R.S. 40:531(A).[1] Commissioners serve on a part-time basis for purposes of Louisiana's Dual Officeholding and Dual Employment Law. See R.S. 42:62(4) and (5).[2] The prohibition quoted above is applicable only if the individual holds *Page 2 
the local elective office of city councilman while serving in a full-time appointive office. Thus, a parish housing commissioner may simultaneously serve as an elected member of the municipal governing authority without violating state law. In accord is Attorney General Opinion 99-1, copy attached.
However, note that the Code of Governmental Ethics is applicable to all housing authority officials. See R.S. 40:530.[3] Any ethical concerns should be forwarded to the State Board of Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, LA, 70809, for review and resolution.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY:________________
KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
 ATTACHMENT July 19, 1994
Mr. R. Gray Sexton
Executive Secretary
Board of Ethics for Elected Officials
7434 Perkins Road
Baton Rouge, LA 70808
Dear Mr. Sexton:
Enclosed please find a letter from Mr. Morris J. Chandler, Executive Director, Housing Authority of the Town of Colfax, P.O. Box 179, Colfax, Louisiana, 71417-0179.
This inquiry is in reference to whether 1) there is a conflict of interest with a Housing Authority Commission Member holding the City Mayor office while still on the Board of Commissioners; 2) there is a conflict of interest with the City Mayor (if elected) having rental property under the Section 8 subsidized rental program; 3) there is a conflict of interest with a Housing Authority Board Member serving on the City Council and retaining his Commissioner's status? As this is within your jurisdiction, I am forwarding this letter for your response.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY:
KENNETH C. DEJEAN
GENERAL COUNSEL
 ATTACHMENT *Page 1 July 19, 1994 OPINION 94-364
78 OFFICERS Dual Officeholding
LSA-R.S 42:63(D). LSA.R.S 42:62(4) (5)
Mr. Morris J. Chandler
Executive Director
Housing Authority
Town of Colfax
P.O. Box 179
Colfax, Louisiana 71417-0179
A commissioner on the Board of Housing Authority, a part-time appointive office, may also bold local elective office in the same political subdivision
Dear Mr. Chandler:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research.
You inquire whether the law permits an individual to simultaneously hold the position of city housing authority commissioner and the position of city mayor or city councilman. Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment law, stating:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. LSA-R.S. 42:63(D). *Page 2 
Both the offices of mayor and councilman are local elective offices; the housing commissioner is a part-time appointive office, which position is designated by the mayor. The dual officeholding statute quoted above prohibits one holding an elective office in a political subdivision of this state while holding a full-time appointive office in the government of a political subdivision. An appointment as Commissioner of the Housing Authority for the Town of Colfax is not a full-time appointive office, and therefore the prohibition is not applicable. It is permissible for an individual to hold the part-time appointive office of commissioner and either the elective office of mayor or councilman. For your further reference, note that a full-time position would require a person to work at least seven hours per day of work and at least thirty-five hours per week; a part-time position is less than the number of hours of work defined as full-time. LSA-R.S. 42:62(4) (5).
This opinion reaffirms Attorney General Opinion 90-78, a copy of which is enclosed. Despite our conclusion that there is not a technical violation of the dual-officeholding provision, we are cognizant of the fact that there may be an ethical problem should the mayor appoint himself as Commissioner of the Housing Authority. We refer all inquiries suggestive of an ethical problem to the Board of Ethics for Elected Officials, pursuant to the attached correspondence.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY:
KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
 ATTACHMENT July 19, 1994 OPINION NUMBER 90-78
78-DUAL OFFICEHOLDING
A commissioner on Board of Housing Authority may not only remain in office while seeking election to a seat on City Council, but \ill\ retain part-time appointment, if elected.
Ms. Ruth D. Albritton, Executive Director
Housing Authority, City of Bunkie
P.O. Box 1036
Bunkie, LA. 71322-5036
Dear Ms. Albritton:
Your request for an opinion of the Attorney General has been referred to me for attention. Your question is whether a commissioner of the Housing Authority of the City of Bunkie can run for a seat on the City Council and remain on the Board of the Housing Authority until the election, and if elected, continue to serve as commissioner.
The commissioners of the Housing Authority for the City of Bunkie are appointed by the mayor, receive no pay and the Housing Authority receives no funds from the City nor State. The Board of Commissioners is the independent governing body over the Housing Authority.
The dual officeholding statute, R.S. 42:63(D), prohibits one holding an elective office in a political subdivision of this State from holding at the same time another elective office or full-time appointive office in the government of this State or a political subdivision thereof. An appointment as commissioner of the Housing Authority for the City of Bunkie, not being a full-time appointive office, therefore, would not be prohibited under this statute.
Accordingly, we must conclude that a commissioner on the Board of the Housing Authority may not only remain in office while seeking election to a seat on the City Council, but may retain the part-time appointment, if elected.
We hope this sufficiently, answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
WILLIAM J. GUSTE, JR.
Attorney General
By:
BARBARA B. RUTLEDGE
 Assistant Attorney General *Page 1 
 ATTACHMENT July 19, 1994 OPINION NUMBER 96-176
78 DUAL OFFICEHOLDING
LSA-R.S. 42:63D; LSA-R.S. 42:62; LSA-R.S. 40:495C(1)
The Executive Director of the Housing Authority of the City of Slidell may not simultaneously hold the elective office of police juror of Terrebonne Parish.
Ms. Greta Strange
Chairperson
Housing Authority of the City of Slidell
109 N. Randall Drive
Slidell, LA 70458
Dear Ms. Strange:
This office is in receipt of your recent opinion request where you ask us to consider if your executive director has violated the laws concerning dual officeholding. Specifically you ask the following:
 May the Executive Director of the Housing Authority of the City of Slidell also hold the elective office of Police Juror in Terrebonne Parish?
Your inquiry asks us to consider whether this situation violates the dual officeholding laws. The prohibitions that would possibly apply to the present situation are found in LSA-R.S. 42:63D, the applicable portion being:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof."
In order to determine whether this section applies, the two positions in question must be defined. According to LSA-R.S. 42:62, the following positions are defined as follows:
 (1) "`Elective office' means any position which is established by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof,. . . which is filled by vote of citizens of this state or a political subdivision thereof." *Page 2 
 (2) "`Appointive office' means any office in any branch of government or. . . any executive office of any agency, board, commission, or department which is specifically established by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a government body composed of such officials of this state or of a political subdivision thereof."
The position of police juror of Terrebonne parish is one that is created by law, and is filled by the vote of citizens within the parish the police jury serves, so it is clearly an "elective office" as defined in § 62(1).
The position of Executive Director of the Slidell Housing Authority is an `appointive office' created by the laws of the state of Louisiana, namely LSA-R.S. 40:495C(1), which states:
 "The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director."
LSA-R.S. 42:63(D) prohibits this individual from holding a full-time appointive office while holding at the same time an elective office. As previously mentioned, it is presumed that the Executive Director of the Housing Authority holds an `appointive office', so he will be prohibited from holding it while serving as a police juror if the Executive Director is a fulltime position. LSA-R.S. 42:62 states:
 (4) "`Full time' means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work."
 (5) "`Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
In Attorney General Opinion 95-178, we found that the Executive Director of the Housing Authority of New Iberia was a full-time position for the purposes of dual office-holding. In contacting the Housing Authority in Slidell, this office was advised that the Executive Director's position is full time employment. Assuming this full time employment meets the *Page 3 
qualifications of § 62(4), at least seven hours a day and thirty-five hours a week, the position of Executive Director is a full time appointive position. The Director therefore is prohibited in § 63D from also holding an elective office.
In conclusion, the Executive Director of the Housing Authority of Slidell, being a full time appointive office, is prohibited under dual office holding from simultaneously holding the elective office of police juror.
If this office can be of any further assistance to you, please do not hesitate to contact us.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY:
KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
 ATTACHMENT June 12, 1996 OPINION NUMBER 96-149
78 DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq.; LSA-R.S. 42:63(D); LSA-R.S. 42:62; LSA-R.S.40:495C(1); LSA-R.S. 42:62(9); LSA-R.S. 42:62(2); LSA-R.S. 42:62(3)
The Executive Director of the Slidell Housing Authority may not simultaneously hold the elective office of council member of the Terrebonne Parish Consolidated Government.
Mr. Stephen M. LaRussa
P. O. Drawer 2067
Houma, Louisiana 70361-2067
Dear Mr. LaRussa:
This office is in receipt of your opinion request where you ask us to consider if the Executive Director of the Slidell Housing Authority may also hold an elected position as parish council member of Terrebonne Parish Consolidated Government Parish Council under the Louisiana Dual Officeholding Laws, LSA-R.S. 42:61, et seq. Specifically, you ask us to consider the following:
 (1) Does the position of Executive Director of a housing authority constitute a "full-time appointive office in the government of this state or in the government of a political subdivision thereof" as stated in the prohibititory language of LSA-R.S. 42:63(D):
 (D) No person holding an elective office in political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
We respond affirmatively. Note that the position of Executive Director of the Slidell Housing Authority is considered a full time appointive office. This conclusion is drawn after application of the definitional section of the Dual Officeholding and Dual Employment Law, contained in LSA-R.S. 42:62, providing in pertinent part: *Page 2 
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on any agency, board or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
The position of Executive Director is an appointive office "specifically authorized by the. . . . laws of this state" pursuant to LSA-R.S. 40:495C(1), providing:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director. (Emphasis added).
Note further that we consider the housing authority to be a political subdivision of the state, as defined in LSA-R.S. 42:62(9): *Page 3 
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, an all other elected parochial officials shall be separate political subdivisions.
We consider the case of Department of State Civil Service vs. HousingAuthority of East Baton Rouge, #95CA1959, (La.App. 1st Cir. 1996) to be supportive of our conclusion that the housing authority is a political subdivision of the state, as the court found public housing authorities to be instrumentalities of the state, at least for purposes of Article X, Section 1, of the 1974 Louisiana Constitution governing civil service systems.
Recently released Attorney General Opinion 96-176 would apply to the current situation, even though it refers to the governing authority position as a police juror and not a parish council member, because the same prohibitions apply. A copy of Attorney General Opinion 96-176 is attached.
 (2) May the Executive Director's contractual relationship with the housing authority serve to make the definitional sections of the dual officeholding laws inapplicable?
In your request, you refer us to Attorney General Opinion 93-190, where this office concluded that the contractual relationship a police juror had with the Assessor's office did not satisfy the requirements of `employment' as defined in LSA-R.S. 42:62(3), so the dual officeholding laws did not apply. This opinion would not control in the current situation, because the office of Executive Director of the Slidell Housing Authority is an "appointive office" as defined in LSA-R.S.42:62(2) and not "employment" as defined in LSA-R.S. 42:62(3).
In conclusion, the Executive Director of the Slidell Housing Authority, a full-time appointive position within a political subdivision of the state, is prohibited by dual officeholding laws from simultaneously holding the elective office of council member of the Terrebonne Parish Consolidated Government.
Any ethical considerations under the Code of Governmental Ethics should be referred to Mr. Gray Sexton, Commission on Ethics for Public Employees, 8401 United Plaza Blvd., *Page 4 
Suite 200, Baton Rouge, Louisiana, 70809.
If this office can be of any further assistance to you, please do not hesitate to contact us.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY:______________
KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
 ATTACHMENT May 3, 2002 OPINION 02-0142
78 DUAL OFFICEHOLDING
R.S. 42:61, et seq; R.S. 42:63(D); R.S. 40:539(C)(1); R.S. 42:62(4) and (5)
An elected parish councilman may not simultaneously hold full-time appointive office
Mr. Wayne Thibodeaux
Councilman
P.O. Box 990
Gray, LA 70359
Dear Mr. Thibodeaux:
You present the following two inquires for our review:
 1. May I accept employment as Executive Director of the St. John Housing Authority and continue to hold my elected office, Terrebonne Parish council member, without violating Louisiana Dual Office Holding Laws, LSA R.S. 42:61, et seq.?
 2. May I accept employment as Executive Director of the Terrebonne Parish Housing Authority and continue to hold my elected office, Terrebonne Parish Council Member, without violating Louisiana Dual Office Holding Laws, LSA R.S. 42:61, et seq.?
Reviewing the provisions of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., we find the following portion of R.S.42:63(D) to be applicable:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . (Emphasis added).
Thus, in response to both your questions, one is prohibited from holding concurrently the local elected office of parish councilman and a full-time appointive office in any political subdivision.
For purposes of dual-officeholding, an "appointive office" is defined by R.S. 42:62(2), as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof *Page 2 
and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
We are of the opinion that the position of Executive Director of both the housing authorities referenced constitutes an "appointive office" for the purposes of dual-officeholding. The position is "specifically established . . . by the laws of this state" and is "filled by appointment . . . by a governmental body" pursuant to R.S. 40:539(C)(1), which provides:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
Note that the law does not prohibit one from holding local elective office and part-time appointive office. "Full-time" and "part-time" are defined by R.S. 42:62(4) and (5) as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
We attach for your review Attorney General Opinions 99-357, 95-178, 96-176, and 96-149, all of which conclude that the executive director of a housing authority holds an appointive office. Opinion 96-334 is recalled as it is in conflict with the referenced opinions and conclusions herein.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY:
KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
 ATTACHMENT July 24, 1996 * 1 Opinion No. 96-334
* La. Atty. Gen. Op. No. 96-334, 1996 WL 456903 (La.A.G.)
78 DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq.; LSA-R.S. 42:63(D); LSA-R.S. 42:62(9)
Director of Housing Authority may also serve as member of parish council.
Mr. Edward M. Leonard, Jr.
Assistant District Attorney
P.O. Box 2779
Morgan City, LA 70381
Dear Mr. Leonard,
In your correspondence of recent date you relate that a vacancy has occurred in the position of Councilman of the Parish Council, Parish of St. Mary. The Council is considering appointing a person who serves as the Director of the Morgan City Housing Authority. A question has arisen concerning the legality of the appointment considering the Dual
Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq.
The office of parish councilman is a local elective office. The Board of Commissioners of the Public Housing Authority of Morgan City hires its Director, and therefore that position is considered one of employment.
LSA-R.S. 42:63(D) provides that no person may hold employment in the same political subdivision in which he holds elective office. However, the parish and the municipality are separate political subdivisions as defined in LSA-R.S. 42:62(9). Therefore, the director of the Morgan City Housing Authority would be holding employment in a political subdivision separate from the St. Mary Parish Council, and that arrangement is permissible.
In conclusion, the director of a municipal housing authority may also serve as a member of the parish council without violating the dual
officeholding laws.
Very truly yours,
Richard P. Ieyoub
Attorney General
Kerry L. Kilpatrick
 Assistant Attorney General *Page 1 
 ATTACHMENT June 12, 1996 * 1 Opinion No. 96-149
78 DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq.; LSA-R.S. 42:63(D); LSA-R.S. 42:62; LSA-R.S.40:495C(1); LSA-R.S. 42:62(9); LSA-R.S. 42:62(2); LSA-R.S. 42:62(3)
The Executive Director of the Slidell Housing Authority may not simultaneously hold the elective office of council member of the Terrebonne Parish Consolidated Government.
Mr. Stephen M. LaRussa
P. O. Drawer 2067
Houma, Louisiana 70361-2067
Dear Mr. LaRussa:
This office is in receipt of your opinion request where you ask us to consider if the Executive Director of the Slidell Housing Authority may also hold an elected position as parish council member of Terrebonne Parish Consolidated Government Parish Council under the LouisianaDual Officeholding Laws, LSA-R.S. 42:61, et seq. Specifically, you ask us to consider the following:
(1) Does the position of Executive Director of a housing authority
constitute a "full-time appointive office in the government of this state or in the government of a political subdivision thereof" as stated in the prohibititory language of LSA-R.S. 42:63(D):
(D) No person holding an elective office in political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
We respond affirmatively. Note that the position of Executive Director
of the Slidell Housing Authority is considered a full time appointive office. This conclusion is drawn after application of the definitional section of the Dual Officeholding and Dual Employment Law, contained in LSA-R.S. 42:62, providing in pertinent part:
(1) "Elective office" means any position which is established or authorized *Page 3 
by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
(2) "Appointive office" means any office in any branch of government or other position on any agency, board or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
*2 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. The position of Executive Director is an appointive office "specifically authorized by the. . . . laws of this state" pursuant to LSA-R.S. 40:495C(1), providing:
C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director. (Emphasis added). Note further that we consider the housing authority to be a political subdivision of the state, as defined in LSA-R.S. 42:62(9):
(9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, an all other elected parochial officials shall be separate political subdivisions. We consider the case of Department of State Civil Service vs. Housing Authority of East Baton Rouge, #95CA1959, (La.App. 1st Cir. 1996) to be supportive of our conclusion that the housing authority is a political subdivision of the state, as the court found public housing authorities to be instrumentalities of the state, at least for purposes of Article X, Section 1, of the 1974 Louisiana Constitution governing civil service systems. Recently released Attorney General Opinion 96-176 would apply to the current situation, even though it refers to the governing authority position as a police juror and not a parish council member, because the same prohibitions apply. A copy of Attorney General Opinion 96-176 is attached.
(2) May the Executive Director's contractual relationship with thehousing authority serve to make the definitional sections of thedual officeholding laws Copr. © West 2002 No Claim to Orig. U.S. Govt. Works *Page 4 
inapplicable?
In your request, you refer us to Attorney General Opinion 93-190, where this office concluded that the contractual relationship a police juror had with the Assessor's office did not satisfy the requirements of `employment' as defined in LSA-R.S. 42:62(3), so the dual officeholding laws did not apply. This opinion would not control in the current situation, because the office of Executive Director of the Slidell Housing Authority is an "appointive office" as defined in LSA-R.S.42:62(2) and not "employment" as defined in LSA-R.S. 42:62(3).
*3 In conclusion, the Executive Director of the Slidell HousingAuthority, a full-time appointive position within a political subdivision of the state, is prohibited by dual office-holding laws from simultaneously holding the elective office of council member of the Terrebonne Parish Consolidated Government. Any ethical considerations under the Code of Governmental Ethics should be referred to Mr. Gray Sexton, Commission on Ethics for Public Employees, 8401 United Plaza Blvd., Suite 200, Baton Rouge, Louisiana, 70809. If this office can be of any further assistance to you, please do not hesitate to contact us.
Very truly yours,
Richard P. Ieyoub
Attorney General
Kerry L. Kilpatrick
Assistant Attorney General
La. Atty. Gen. Op. No. 96-149, 1996 WL 464021 (La.A.G.)
[1] R.S. 40:531 pertinently provides:
§ 531. Appointment of commissioners to local housing authority, vacancy, removal
A. When the governing body of any municipality or parish, as the case may be, has determined, by resolution as set forth in R.S. 40:393 that it is expedient to establish a local housing authority, the chief elected official of the municipality or parish, or if no such official exists, then the governing body itself shall appoint five persons who shall constitute the governing body of the local housing authority and shall be called commissioners.
[2] R.S. 42:62 (4) (5) provide:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
[3] R.S. 40:530 provides:
§ 530. Conflict of interest
All housing authority officials and employees are subject to the state Code of Governmental Ethics.